IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-4071 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
|     Defendant. | : | |

**<u>MEMORANDUM</u>**

**PAPPERT, J.**                                                                **SEPTEMBER 26, 2018**

Edward Thomas Kennedy, a frequent *pro se* litigator in this Court, filed a Complaint against the Commonwealth of Pennsylvania challenging a Pennsylvania statute criminalizing harassment, and a Motion to Proceed *In Forma Pauperis*.[1] (ECF Nos. 1 & 2). Kennedy also filed a "Motion to Order Statute Void," a Motion for Authorization to File Electronically, and a document titled "Take Judicial Cognizance." For the following reasons, the Court will grant Kennedy leave to proceed *in forma pauperis*, dismiss the Complaint for lack of standing, and deny Kennedy's motions.

---

[1] It appears Kennedy used the incorrect form application to prepare his motion, as the form is titled "Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis*." (ECF No. 1.) As this is not an appellate court, the Court understands Kennedy to be seeking leave to proceed *in forma pauperis* in this civil action.

I

Kennedy's Complaint, which is titled "Notice of a Constitutional Question," challenges the constitutionality of a Pennsylvania statute criminalizing harassment, 18 Pa. Cons. Stat. § 2709, on the basis that the statute "exceeds the Defendant's jurisdiction, and because it exceeds the Commonwealth of Pennsylvania state government's jurisdiction, the Plaintiff (and all of we the people) is injured in loss of rights." (Compl. ECF No. 2, at 1.) Kennedy adds that

> The state statute as written and applied has no foundation in law and thus prosecuting attorneys employed by the defendant settle 95% or [more] of all criminal cases based on reliable sources plaintiff believes are credible.

(*Id.* at 2.) As relief, the Complaint asks the Court to take judicial notice that Kennedy "is one of the people of Pennsylvania in this court of record" and that "the Commonwealth of Pennsylvania is a State, not a commonwealth and is under the jurisdiction of this court." (*Id.*)

Kennedy's "Motion to Order Statute Void" similarly alleges that 18 Pa. Cons. Stat. § 2709 "exceeds the Defendant's jurisdiction, and because it exceeds the government's jurisdiction, the Plaintiff (and other people)/are injured in the loss of rights." (ECF No. 3 at 1.) Kennedy "moves the court to find that the statute violates the United States Constitution and is against the laws of the United States of America and common sense, and Order it void." (*Id.*) Kennedy's filing entitled "Take Judicial Cognizance" asks the court to notice the motions and assign a "competent judge to administer his Notice of a Constitutional Question." (ECF No. 5.)

2

II

The Court will grant Kennedy leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees necessary to commence this action. Accordingly, the Court is obligated to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts may dismiss a lawsuit pursuant to § 1915(e)(2)(B)(i) when a plaintiff lacks standing because, in those cases, there is no legal basis for the plaintiff's claims. *See Banks v. Buchanan*, 336 F. App'x 122, 123-24 (3d Cir. 2009) (per curiam); *Awala v. People Who Want to Restrict Our First Amendment Rights*, 164 F. App'x 215, 217 (3d Cir. 2005) (per curiam). Indeed, "[b]ecause standing is jurisdictional in nature, a court is required to raise questions of standing if not done so by the parties." *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (per curiam).

III

"Article III of the United States Constitution limits the power of the federal judiciary to 'cases' and 'controversies.'" *Cottrell v. Alcon Labs.*, 874 F.3d 154, 161 (3d Cir. 2017). "The plaintiff, 'as the party invoking federal jurisdiction,' bears the burden of establishing the minimal requirements of Article III standing: '(1) . . . an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Id.* at 162

3

(quoting *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540, 1547 (2016)) (alterations in original and footnote omitted). "[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) (quotations omitted); *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 259 (3d Cir. 2009) ("[T]he Supreme Court repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law.") (quotations omitted).

Here, Kennedy appears to seek invalidation of a criminal statute on behalf of the public at large. Nothing in the Complaint provides a basis for concluding that he has standing to challenge the statute in question. Accordingly, he may not proceed on his constitutional challenge.

IV

For the foregoing reasons, the Court will dismiss the Complaint for lack of standing. In light of Kennedy's *pro se* status, he will be given an opportunity to file an amended complaint. The Court will deny Kennedy's motions at this time. An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**